## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES J. MELTON,**<br><br>               **Plaintiff,**<br><br>       v.<br><br>**SAVE A LOT,** *et al.***,**<br><br>               **Defendants.** | **CIVIL ACTION NO. 22-1317** |

### MEMORANDUM OPINION

**Rufe, J.**                                                                                                              **June 15, 2022**

Plaintiff Charles J. Melton has filed a *pro se* Complaint against Save A Lot and A&A Security.[1] Melton has also filed a Motion for Leave to Proceed *In Forma Pauperis*.[2] For the following reasons, Melton will be granted leave to proceed *in forma pauperis,* and his Complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

### I.    FACTUAL ALLEGATIONS[3]

Melton alleges that on March 24, 2022, he went to the Save A Lot store at 2101 West Lehigh Avenue in Philadelphia.[4] He alleges that he was walking on his wounded left foot with his lunch box and asked to sit and open his lunch box, which contained medicine and a meal.[5] Melton asked that he not be served as a customer, and not be rung up, but alleges that an A&A Security guard "accused" him.[6] Melton also alleges that the supervisor at Save A Lot accused

---

[1] Compl. [Doc. No. 2].

[2] Mot. Leave Proceed *In Forma Pauperis* [Doc. No. 1].

[3] The allegations set forth in this Memorandum are taken from Melton's Complaint. The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

[4] Compl. [Doc. No. 2] at 4.

[5] Compl. [Doc. No. 2] at 4.

[6] Compl. [Doc. No. 2] at 4.

him, but told the employee at the cash register not to ring Melton up. Melton alleges that neither the A&A guard nor the employee at the cash register wore masks.[7] Melton claims that other shoppers at Save A Lot saw him "being harassed constantly in the store that day."[8]

Melton claims that as a result of these actions, he was excluded from professional activities, humiliated while food shopping, subjected to abusive criticism and false rumors, isolated, and that he came under verbal attack from other shoppers.[9] He also claims to have suffered pain in his foot.[10] In the relief section of the form Complaint he completed, Melton provides the following list:

> (1) Engaging in conduct and repeated acts, [that] serve no legitimate purpose with me,
> (2) Conveying to or about another person lewd and . . . threatening words, language, drawings or caricatures,
> (3) Repeated communication in some other form,
> (4) Engaging in conduct and following . . . another person in and about a public place [or] multiple public places,
> (5) Threatening or attempting to strike, shove, arrest or make physically [sic] contact [with] another person,
> (6) [left blank][11]

## II. STANDARD OF REVIEW

Because Melton appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if it fails to state a claim or fails to set forth a

---

[7] Compl. [Doc. No. 2] at 4.

[8] Compl. [Doc. No. 2] at 4.

[9] Compl. [Doc. No. 2] at 5.

[10] Compl. [Doc. No. 2] at 5.

[11] Compl. [Doc. No. 2] at 5.

proper basis for this Court's subject matter jurisdiction.[12] A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.[13]

### III. DISCUSSION

For this Court to have jurisdiction, Plaintiff must allege either a claim arising under federal law or that the parties are citizens of different states and the amount in controversy is more than $75,000. There does not appear to be any possible claim under federal law. Construing the pro se Complaint liberally, it is best read as asserting state law tort claims against the named Defendants. Melton lists a Pennsylvania address, so the Court presumes he is a citizen of Pennsylvania. Defendants have Pennsylvania addresses and there are no allegations that Defendants are citizens of states other than Pennsylvania, which is necessary for this Court to be able to hear the case.[14] On the face of the Complaint, Melton has failed to meet his burden to show diversity of citizenship and cannot establish the Court's jurisdiction over any state law claims he intends to pursue.

Melton also has not alleged that the case is valued at more than $75,000. "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint."[15] "The sum claimed by the plaintiff controls if the claim is apparently

---

[12] Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*.").

[13] *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

[14] *See id.* at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); and then quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

[15] *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997).

made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."[16] Punitive damages "must [also] be considered in determining the amount in controversy."[17] Here, it does not appear that the amount in controversy requirement is satisfied. The Court will grant Melton an opportunity to file an amended complaint that alleges a basis for jurisdiction in this case. In the alternative, Melton may file an action in the appropriate state court.

## IV. CONCLUSION

For the reasons stated above, Melton's motion for leave to proceed *in forma pauperis* will be granted, and the Complaint will be dismissed without prejudice for lack of subject matter jurisdiction. Leave to amend will be granted.[18] An appropriate Order follows.

---

[16] *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (citation omitted).

[17] *Coulter v. Paul Laurence Dunbar Cmty. Ctr.*, 685 F. App'x 161, 165 (3d Cir. 2017) (citations omitted).

[18] Before "dismissing a pro se complaint under § 1915(e), a district court must give the plaintiff an opportunity to amend his pleading to cure the defect unless such an amendment would be futile or prejudicial." *Chatman v. City of Pittsburgh*, 437 F. App'x 115, 116 (3d Cir. 2011) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002)).